United States District Court
Southern District of Texas
**ENTERED**
March 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:04-cr-446-1 |
| § | |
| CARLOS ALBERTO BECERRA, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

Judge Hanen requested that Judge Rosenthal review Carlos Becerra's motion for reconsideration, (Docket Entry No. 415), of the court's order denying Becerra's motion for recusal and accompanying letter, dated January 9, 2023. (Docket Entry No. 416).

Because there is no reasonable basis for Judge Hanen's impartiality to be questioned, and nothing in the record suggests bias against Becerra, 28 U.S.C. § 455, the court denies the motion.

**I.   Background**

Becerra's recusal motion and letter follow the court's order denying his motion to reduce his sentence, made under 18 U.S.C. § 3582(c). (Docket Entry No. 399). In its denial, the court noted that it had provided Becerra with an extension of time to file a reply to the government's opposition, but that no reply was filed. (Docket Entry No. 404). The same day the court entered its order, Becerra's reply was received; however, the reply was not filed until the next day. (*See* Docket Entry Nos. 405, 413). After the court denied Becerra's motion, Becerra moved for reconsideration, arguing that, under Federal Rule of Civil Procedure 6(d), his reply should have been considered timely. (Docket Entry No. 406). Becerra also moved for Judge Hanen to recuse himself. (Docket Entry No. 406). The court reconsidered its denial of Becerra's motion, considering Becerra's reply and other subsequently filed materials, including the government's

1

sur-reply. (Docket Entry No. 413). Based on those materials, the court again denied Becerra's section 3582(c) motion for the reasons given in its previous denial. (*Id.*).

The court denied Becerra's motion because the court previously granted the requested relief, (Docket Entry No. 367), reducing Becerra's sentence by almost five years. The court ruled that Becerra's argument under *United States v. Davis*, 139 S. Ct. 2319 (2019), failed because *Davis* did not speak to a "drug trafficking crime"—for which Becerra was convicted—but to the vague "crime of violence" phrase of section 924. (Docket Entry No. 404 at 2). The court considered Becerra's safety valve argument and found it inapplicable because Becerra was an organizer or leader of extensive criminal activity. (*Id.*). That Becerra's crime was connected to the possession of a firearm also made him ineligible for safety valve relief. (*Id.*). The court also noted that it did not possess the authority to reduce Becerra's sentence for good conduct, because such reductions may only be granted by the Bureau of Prisons. (*Id.* at 2–3).

## II.     The Legal Standard

The recusal standard is an objective one: a party seeking recusal must show that a "reasonable and objective person, knowing all the facts, would *harbor doubts* concerning the judge's impartiality." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003) (quoting *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir.1997)). Specific circumstances are laid out by statute. *See* 28 U.S.C. § 455. Becerra's motion implicates subsection (b)(1), because it alleges that the district judge "has a personal bias or prejudice" against him. *Id.* § 455(b)(1).

## III.    Analysis

In his motion, Becerra argues that the court violated his due process by violating Federal Rule of Criminal Procedure 45 and Federal Rule of Civil Procedure 6(c). (Docket Entry No. 415 at 2). Both rules relate to the computation of time, and it appears Becerra complains that the court

2

unfairly ruled on his section 3582(c) motion before considering his reply. But the court did in fact consider Becerra's reply in its order reconsidering its earlier denial of Becerra's motion. (Docket Entry No. 413).

Becerra also argues that the government and the court acted unethically in failing to observe the holding of the Supreme Court in *Castro v. United States*, 540 U.S. 375 (2003). (Docket Entry No. 415 at 3). *Castro* considered the district court's recharacterization of a *pro se* prisoner's motion for a new trial, made ostensibly under Federal Rule of Criminal Procedure 33, as a habeas petition under 28 U.S.C. § 2255. *Id.* at 377. The Court held that a court cannot recharacterize a *pro se* litigant's motion as a section 2255 petition—which potentially deprives the *pro se* litigant of his ability to bring future petitions—unless it provides notice of its intent to do so and allows the litigant an opportunity to withdraw or amend the motion that the court intends to recharacterize. *Id.* The Court held that if a court does not provide the litigant with the opportunity to withdraw or amend, the recharacterized motion carries no consequence with respect to the "second or successive" provisions of section 2255.

*Castro* does not apply to Becerra's motion and the court did not violate the *Castro* rule. Becerra brought his motion under section 3852(c). The court did not recharacterize his motion as a section 2255 petition. Becerra previously brought, (Docket Entry No. 382), and then withdrew a section 2255 petition because he recognized that relief would be better sought under the First Step Act. (Docket Entry No. 397). The court allowed Becerra to withdraw the petition. (Docket Entry No. 398). *Castro* does not concern motions for relief under the Act, and recharacterizing a motion as a section 3582(c) motion, assuming that is what the court did, carried no negative consequences for Becerra.

3

Becerra also argues that the court should grant his motion because, by considering the government's sur-reply to his motion, the court ratified the government's malpractice in filing an additional brief. (Docket Entry No. 414 at 2). There is no basis for the court to recuse itself because its exercised its discretion in considering additional briefing from the government or Becerra. The court did not deny Becerra the opportunity to present his arguments. The court did not demonstrate bias against Becerra by considering the government's additional filing.

Becerra argues that the court's denial of his motion was insufficiently explained and therefore precluded appellate review. (Docket Entry No. 415 at 4). The court did, in fact, explain its decision through the incorporation of its previous order denying Becerra's motion; it did not find the need to elaborate further on that decision. Becerra has not been denied access to appellate review.

Finally, although the court denied Becerra his requested relief, its orders read as impersonal and measured. The court did not demonstrate anger or impatience with Becerra for filing his motions and other materials or suggest that his status as a *pro se* litigant made his motion unworthy of serious consideration

In short, Judge Hanen considered Becerra's motion and ruled on it according to the record in this case and the relevant law. Judge Hanen did not demonstrate bias or prejudice against Becerra, and nothing suggests that Judge Hanen's impartiality might reasonably be questioned. There is no basis for granting the motion to reconsider Judge Hanen's denial of the motion to recuse.

**IV.**     **Conclusion**

The motion to reconsider, (Docket Entry No. 415), is denied.

SIGNED on March 27, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge