United States District Court
Southern District of Texas
**ENTERED**
October 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS | § § § | CRIMINAL ACTION NO. H-04-446-1 |
| CARLOS ALBERTO BECERRA | § | |

## ORDER

Pending before the Court is Carlos Alberto Becerra's Motion to Reduce Sentence (Doc. No. 419), Motion for Default Judgment (Doc. No. 420) and Affidavit/Motion for Recusal Pursuant to 28 U.S.C. 455 & 144 (Doc. Nos. 423, 424).

**Procedural Background**

April 4, 2006 Judgment in a Criminal Case (Doc. No 224) was entered against Defendant Becerra.

April 6, 2006 Becerra filed a Notice of Appeal (Doc. No. 226) as to the Judgment entered against him.

July 15, 2008 after the Appeal was dismissed and subsequently reopened. The Fifth Circuit rendered Judgment (Doc. No. 277) dismissing the appeal as frivolous.

February 27, 2015 the Court entered an Order Reducing Sentence – USSC Amendment (Doc. No. 367) reducing Becerra's sentence from 360 months to 301 months.

June 17, 2019 Defendant Becerra filed a Motion for Judicial Relief Under Article III (Doc. No. 379) which the Court denied (Doc. No. 386).

February 26, 2021 Defendant filed a Motion to Reduce Sentence Pursuant to 18 USC 3582 (Doc. No. 399). The Government responded in opposition (Doc. No. 400). The Court denied the Motion (Doc. No. 404).

June 7, 2021 Becerra filed a Motion for Reconsideration (Doc. Doc. No. 406), the Government filed its Response (Doc. No. 409) and Defendant further responded to the Government

(Doc. No. 411). Becerra further filed a Motion to Recuse (Doc. No. 412). The Court reconsidered it's previous Order, as requested by Becerra, but , as stated in that Order (Doc. No. 404) denied Defendant Becerra's motion to reconsider and motion to recuse.

January 19, 2023 Becerra filed a Motion for reconsideration of the motion for recusal (Doc. No 415).

February 23, 2023, out of an abundance of caution and to insure an unbiased opinion, the Court issued an Order (Doc. No. 416) referring the Motion for Reconsideration of Motion for Recusal to former Chief Judge Lee Rosenthal for her consideration.

March 27, 2023 Judge Rosenthal issued a Memorandum and Opinion (Doc. No. 417) denying Becerra's Motion for Reconsideration.

April 28, 2023 Becerra again filed a Motion to Reduce Sentence Pursuant to USC 3582 (Doc. No. 419)

May 16, 2023 Becerra filed a Motion for Default Judgment (Doc. No. 420) against both this Court and the Government.

October 2 and 17, 2023 Becerra filed an Affidavit for Recusal Pursuant to 28 U.S.C. 455 & 144 (Doc. Nos. 423, 424). Per the docket sheet, this document was filed twice.

This Order addresses the Motion to Reduce Sentence (Doc. No. 419), the Motion for Default Judgment (Doc. No. 420) and the Affidavit for Recusal Pursuant to 28 U.S.C. 455 & 144 (Doc. Nos. 423, 424).

**Motion for Default**

With regard to the Motion for Default, Rule 45 of the Federal Rules of Criminal Procedure deals with computing time/extensions of time in criminal cases, as does Rule 6 of the Federal Rules of Civil Procedure in civil cases. While Becerra cites to "Rule 27(a)(3)(A) and (a)(4)," he does not indicate whether this is a Criminal Rule or a Civil Rule. Rule 27 of the Federal Rules of Criminal Procedure is entitled "Proving an Official Record," which does not apply to a default judgment. Likewise, Rule 27 of the Federal Civil Rules of Procedure with sub-parts, is entitled "Depositions

to Perpetuate Testimony" which also does not apply to default judgments. While Federal Rule of Civil Procedure 55 does apply to default judgments; it applies in civil cases; not criminal cases. The idea that a criminal defendant could be granted default because the Government or the Judge does not respond or rule on their motion within seven days is not supportable.

A criminal defendant does not win a post-judgment motion by "default" just because it is not ruled on within the time frame that he wants. Additionally, Becerra is also legally incorrect regarding his requests for a default judgment on his habeas petition. "The Fifth Circuit has established that default judgments are not appropriate in habeas petitions." *Hyder v. Quarterman*, Civil Action No. C-07-291, 2007 WL 2823301, at *6 (S.D. Tex. Sept. 27, 2007). Furthermore, "[a] default judgment is inappropriate even when the Government inexcusably disregards a district court's orders to respond to a petition." *Thompson v. United States*, Civil Action No. 6:09CV410, 2010 WL 3782028, at *4 (E.D. Tex. Aug. 23, 2010) (citing *Bermudez v. Reid*, 733 F.2d 18, 21-22 (2d Cir. 1984)). Whether or not technically a habeas motion, the same reasoning applies here. The court in *Bermudez* explained:

> Under the circumstances, were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them. In this respect, default in habeas proceedings differs from default in other civil cases, except those in which judgment is sought against the United States. In the latter cases, judgment by default cannot be obtained unless the claimant first establishes "his claim or right to relief by evidence satisfactory to the court."

*Bermudez*, 733 F.2d at 21-22 (internal citations and footnote omitted). The Fifth Circuit has said that default judgments are inappropriate for habeas cases, which, by analogy, could apply in the context of seeking a sentence reduction.

3

The Fifth Circuit has cautioned that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n, 874 F.2d 274, 276 (5th Cir. 1989)) (internal quotation marks omitted) (alterations in original). The Court further notes that even if no response were ever filed, the Court would be required to assess the merits of Movant's claims and find a sufficient basis in the pleadings for any default judgment. *See Nishimatsu Const. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). *Gray v. United States*, No. EP-13-CR-1832-PRM-4, 2019 WL 3306012, at *2 (W.D. Tex. July 23, 2019). Therefore, the Court Becerra's motion for default is denied.

**Affidavit/Motion for Recusal Pursuant to 28 U.S.C. 455 & 144**

This is Defendant's second request to have this Court recuse from his case. In the first attempt, the motion to reconsider to motion to recuse (Doc. No. 415), the Court referred the matter to Chief Judge Rosenthal who issued a Memorandum and Opinion (Doc. No. 417) finding that there was no basis for granting the motion to reconsider the denial of the motion to recuse.

In this second attempt at recusal (Doc. No. 423, 424), Defendant merely cites to the United States Code, specifically Sections 144 and 455. Moreover, Defendant cites to neither facts nor evidence to support his Affidavit. Chief Judge Rosenthal issued her ruling in this matter and this Court sees no reason to elicit a third opinion from another Judge. A judge is not bias merely because he or she rules in a manner a party does not like.

**Motion to Reduce Sentence**

The Court has previously ruled on Becerra's motion denying Becerra's request for a reduction in sentence. The United States Supreme Court held that § 3585(b) "does not authorize a district

4

court to compute credit for time spent in official detention at sentencing, but that credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing." 503 U.S. 329, 112 S.Ct. 1351 at 600.

The Court has, repeatedly, reviewed Becerra's various motions and motions to reconsider, responses and replies and finds that Becerra has brought forth no new evidence or facts that warrant a change or amendment to its previous Orders. If Becerra refutes the Court's rulings, he should exercise his right to appeal his case to the Fifth Circuit. It is therefore

**ORDERED** that Defendant Carlos Becerra's Motion to Reduce Sentence (Doc. No. 419) and the Motion for Default Judgment (Doc. No. 420) and Application/Motion for Recusal (Doc. No. 423, 424) are **DENIED** with prejudice.

SIGNED this 23rd day of October 2023.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE